IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SCOOTER LYNN ROBINSON                                         PLAINTIFF

v.                                                                       No. 4:18CV229-GHD-DAS

JERRY WILLIAMS, ET AL.                                         DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTIONS [16], [17]
TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motions [16], [17] for reconsideration of the court's final judgment dismissing the instant case without prejudice because the case is a photocopy of one he filed in the United States District Court for the Southern District of Mississippi. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. Though the second motion was filed after the 28-day deadline, the court finds that it relates back to the timely motion. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

In this case, the plaintiff argues that he filed a motion to amend his first complaint and to consolidate it with his second complaint – and that those motions must have gotten lost in the mail or otherwise mishandled. He appears to argue that he was trying to consolidate his suit involving the South Mississippi Correctional Institution (which is in the territorial jurisdiction of the Southern District of Mississippi) with a case involving events occurring at the Mississippi

State Penitentiary (which is located in the territorial jurisdiction of this court). However, even if the court had received the plaintiff's motion, the court cannot consolidate cases where one of the cases lies outside the court's jurisdiction. The court's dismissal of the instant case as identical to a previously filed suit in a different jurisdiction was thus proper. If the plaintiff wishes to pursue claims regarding the South Mississippi Correctional Institution, then he must do so in the United States District Court for the Southern District of Mississippi (where he filed the original document presented as the complaint in the instant case). As such, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). For these reasons, the plaintiff's requests [16], [17] to alter or amend judgment are **DENIED**.

**SO ORDERED**, this, the 20th day of March, 2020.

_/s/ Glen H. Davidson_
SENIOR UNITED STATES DISTRICT JUDGE